74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sheila J. PERRY, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 95-3392.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1996.
 
 Before RICH, LOURIE, and BRYSON, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Sheila J. Perry (Perry) petitions for review of the December 2, 1994, initial decision of the Merit Systems Protection Board (MSPB or board), Docket No. AT-0752-94-1040-I-1, which became final on March 1, 1995, dismissing for lack of jurisdiction her appeal of a removal action by the Department of Veterans Affairs (Agency) because it found that Perry had waived her appeal rights in a last chance settlement agreement. We affirm.
 
 DISCUSSION
 
 2
 Perry and the Agency had entered into a last-chance settlement agreement as the result of a prior appeal to the board. Under the agreement, the Agency agreed to hold Perry's removal in abeyance for two years if Perry did not breach the settlement agreement. The agency alleged three instances of breach by Perry. Perry does not dispute the facts.
 
 
 3
 Perry, who waived future appeal rights to the board may only appeal to the board if she makes a nonfrivolous allegation that she did not violate the agreement, that the agency acted in bad faith, or that she did not voluntarily and freely enter into the agreement. See Stewart v. U.S. Postal Service, 926 F.2d 1146, 1146, 1148-49 (Fed.Cir.1991). The parties have stipulated that Perry voluntarily entered into the settlement agreement. The board found, however, that Perry had not made a nonfrivolous allegation that she had not breached the settlement agreement or that the agency acted in bad faith. Specifically, the Administrative Judge (AJ) found that Perry's allegations, if true, were unreasonable and did not amount to nonfrivolous allegations.
 
 
 4
 We must affirm decisions of the Board unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). After careful review with this standard in mind, we find no error in the board's decision.